James A. Dumas, Jr. (SBN 76284)
Christian T. Kim (SBN 231017)
DUMAS & KIM, APC
915 Wilshire Boulevard, Suite 1775
Los Angeles, California 90017
Phone:   213-368-5000
Fax:     213-368-5009

Attorneys for Plaintiff and Chapter 7 Trustee
Carolyn A. Dye

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>DRIVEN DELIVERIES, INC.,<br><br>        Debtor.<br>_____<br><br>CAROLYN A. DYE, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>      vs.<br><br>BUDEE, INC., a California Corporation;<br>SALVADOR VILLANUEVA III, an Individual;<br>JEANNETTE VILLANUEVA, an Individual;<br>LISA CHOW, an Individual; and DOES 1-100,<br>inclusive,<br><br>    Defendants. | Case No.: 2:22-bk-14416-DS<br><br>[Chapter 7]<br><br>[Honorable Deborah J. Saltzman]<br><br> Adversary No.: 2:23-ap-01100-DS<br><br>**PROOF OF SERVICE OF COMPLAINT, SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1], ADVERSARY PROCEEDING COVER SHEET, ADVERSARY PROCEEDING STATUS CONFERENCE PROCEDURES JUDGE DEBORAH J. SALTZMAN- [INCLUDING A COPY OF LOCAL RULE FORM F 7016-1 STATUS REPORT]** |

| In re:  DRIVEN DELIVERIES, INC.,<br><br>Dye v. Budee, Inc.<br><br>                                    Debtor(s). | CHAPTER: 7<br><br>CASE NUMBER: 2:22-bk-14416-DS<br><br>ADV. CASE NUMBER: 2:23-ap-01100-DS |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 915 Wilshire Blvd., Ste. 1775, Los Angeles, CA 90017.

A true and correct copy of the foregoing document entitled (*specify*): ***Complaint, Summons, Adversary Proceeding Sheet, Adversary Proceeding Status Conference procedures for Honorable Deborah J. Salttzman including a copy of  Local Rule Form F 7016-1 Status Report*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ***March 16, 2023***, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Carolyn A Dye (TR)      trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com
Christian T Kim     ckim@dumas-law.com, ckim@ecf.inforuptcy.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ***March 16, 2023***, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Budee, Inc. a California Corporation
1505 Corporation
1257-INCORP SERVICES, INC.
5716 CORSA AVE SUITE 110
WESTLAKE VILLAGE, CA  91362

BUDEE, INC., a California Corporation
2826 Norton Avenue
Lynwood, CA 90262

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ***March 16, 2023***, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| ***March 16, 2023*** | Danielle M. Landeros | */s/ Danielle M. Landeros* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                          **F 9013-3.1.PROOF.SERVICE**

| In re:  DRIVEN DELIVERIES, INC., | CHAPTER:  7 |
|---|---|
| Dye v. Budee, Inc. | CASE NUMBER: 2:22-bk-14416-DS |
| Debtor(s). | ADV. CASE NUMBER: 2:23-ap-01100-DS |

Salvador Villanveva III
2093 Latham St
Simi Valley, CA 93065

Jeanette Villanveva
2093 Latham St
Simi Valley, CA 93065

Lisa Chow
2093 Latham St
Simi Valley, CA 93065

Salvador Villanveva III
1856 FAIR AVE
Simi Valley, CA 93063

Jeanette Villanveva
1856 FAIR AVE
Simi Valley, CA 93063

Lisa Chow
1856 FAIR AVE
Simi Valley, CA 93063

Salvador Villanveva III
222 Royal Ave
Simi Valley, CA 93065

Jeanette Villanveva
222 Royal Ave
Simi Valley, CA 93065

Lisa Chow
222 Royal Ave
Simi Valley, CA 93065

Salvador Villanveva III
18619 COLLINS ST APT F25
Tarzana, CA 91356

Jeanette Villanveva
18619 COLLINS ST APT F25
Tarzana, CA 91356

Lisa Chow
18619 COLLINS ST APT F25
Tarzana, CA 91356

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>  CAROLYN A. DYE, Chapter 7 Trustee | DEFENDANTS<br>  BUDEE, INC., a California Corporation; SALVADOR VILLANUEVA III, an<br>  Individual; JEANNETTE VILLANUEVA, an Individual; LISA CHOW, an<br>  Individual; and DOES 1-100, inclusive |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>  Dumas & Kim, APC.  915 Wilshire Blvd., Ste. 1775<br>  Los Angeles, CA 90010  TEL: 213/368-5000<br>  FAX: 213/368-5009 | **ATTORNEYS** (If Known) |

**PARTY** (Check One Box Only)

□ Debtor          □ U.S. Trustee/Bankruptcy Admin
□ Creditor        □ Other
☒ Trustee

**PARTY** (Check One Box Only)

□ Debtor          □ U.S. Trustee/Bankruptcy Admin
□ Creditor        ☒ Other
□ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO: (1) AVOID AND RECOVER FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548(a)(1)(A); (2) AVOID AND RECOVER FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 544(b); (3) TURNOVER OF PROPERTY OF THE ESTATE; (4) ACCOUNTING     [11. U.S.C. §§ 541, 542, 544, 548, 550]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
       actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation
       (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court
       if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $     According to Proof |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Driven Deliveries, Inc. | BANKRUPTCY CASE NO.<br>2:22-bk-14416-DS | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Honorable Deborah J. Saltzman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Christian T. Kim* | | |
| DATE<br><br>March 15, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Christian T. Kim | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

1    James A. Dumas, Jr. (SBN 76284)
     Christian T. Kim (SBN 231017)
2    DUMAS & KIM, APC
     915 Wilshire Boulevard, Suite 1775
3    Los Angeles, California 90017
     Phone:   213-368-5000
4    Fax:      213-368-5009

5    Attorneys for Plaintiff and Chapter 7 Trustee
     Carolyn A. Dye

6

7                **UNITED STATES BANKRUPTCY COURT**

8                  **CENTRAL DISTRICT OF CALIFORNIA**

9                     **LOS ANGELES DIVISION**

10

| | |
|---|---|
| In re: | Case No.: 2:22-bk-14416-DS |
| DRIVEN DELIVERIES, INC., | [Chapter 7] |
| Debtor. | [Honorable Deborah J. Saltzman] |
| | Adversary No.: |
| ——————————————— | **COMPLAINT TO:** |
| CAROLYN A. DYE, Chapter 7 Trustee, | **(1) AVOID AND RECOVER FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548(a)(1)(A);** |
| Plaintiff, | **(2) AVOID AND RECOVER FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 544(b);** |
| vs. | **(3) TURNOVER OF PROPERTY OF THE ESTATE;** |
| BUDEE, INC., a California Corporation; SALVADOR VILLANUEVA III, an Individual; JEANNETTE VILLANUEVA, an Individual; LISA CHOW, an Individual; and DOES 1-100, inclusive, | **(4) ACCOUNTING** |
| | |
| Defendants. | **[11. U.S.C. §§ 541, 542, 544, 548, 550]** |

1

COMES NOW, Plaintiff and Chapter 7 Trustee Carolyn A. Dye ("Trustee" or "Plaintiff"), as and for her complaint herein, complains and alleges as follows:

## THE PARTIES AND JURISDICTION

1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and this is a core proceeding under 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), 157(b)(2)(E), 157(b)(2)(H).  In the event this proceeding is determined to include non-core claims for relief, the Plaintiff consents to the entry of a final order or judgment by the Bankruptcy Court as to any such claims.  Venue in the Central District of California, Los Angeles Division (the "Bankruptcy Court"), is proper pursuant to 28 U.S.C. § 1409 in that this adversary proceeding is related to the bankruptcy case of Driven Deliveries, Inc., bearing case number 2:22-bk-14416-DS, presently pending under Chapter 7 of Title 11 of the United States Code in the Bankruptcy Court. ("Bankruptcy Case")  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 because this is a civil proceeding arising in and/or related to the debtor, Driven Deliveries, Inc.'s, Chapter 7 case.

2.    The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court, on August 15, 2022. ("Petition Date")

3.    The Plaintiff, Carolyn A. Dye is the duly appointed and acting Chapter 7 bankruptcy trustee for the estate of Driven Deliveries, Inc. ("Debtor")

4.    The Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, defendant, Budee, Inc., is a California corporation, located at 2826 Norton Avenue, Lynwood, California 90262 ("Budee"), and is subject to the jurisdiction of this Court.  The Plaintiff is informed and believes and thereon alleges that, Budee continues to operate as a business entity separate and apart from the Debtor.

5.    The Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, defendant, Salvador Villanueva III ("Salvador Villanueva") is an individual that resides in Simi Valley, California, an insider of the Debtor, and subject to the jurisdiction of this Court.

6.    The Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, defendant, Jeannette Villanueva ("Jeannette Villanueva") is an individual that resides in Simi

2

Valley, California, an insider of the Debtor, the sister of Salvador Villanueva, and subject to the jurisdiction of this Court.

7.       The Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, defendant, Lisa Chow ("Chow") is an individual that resides in Simi Valley, an insider of the Debtor, the long time girlfriend or wife of Salvador Vilanueva, and subject to the jurisdiction of this Court. (Budee, Salvador Villanueva, Jeannette Villanueva, and Lisa Chow are collectively referred to herein as the "Defendants" or the "Transferee Defendants").

8.       The true names and capacities of DOES 1 through 100 are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege such names and capacities as soon as they are ascertained. Plaintiff is informed and believes and thereon alleges that, each of the fictitiously named defendants are in some manner responsible, liable, and/or obligated to Plaintiff in connection with the acts alleged herein.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

9.       Plaintiff refers to the allegations set forth in paragraph 1 through 8 hereof and incorporates said allegations herein as if fully set forth hereat.

10.       Plaintiff is informed and believes and thereon alleges that, on or around February 27, 2020, the Debtor, Budee Acquisition, Inc., a Nevada corporation and a wholly-owned subsidiary of the Debtor at such time (the "Budee Acquisition Sub"), and Budee, entered into an Agreement and Plan of Merger (the "Merger Agreement") in order for the Debtor to acquire complete ownership interest in Budee.

11.       The Plaintiff is informed and believes and thereon alleges that the Merger Agreement comprised of, among other things, consideration of $725.000.00 in cash (the "Cash Consideration") and equity in the Debtor equal in value of no less than $12,366,000.00.

12.       Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, Salvador Villanueva held the title of "Chief Executive Officer" of the Debtor.

13.       Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, Salvador Villanueva also held either a majority, complete, or controlling equity interest, or a

combination thereof, in Budee.

14.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, that Salvador Villanueva also held either a majority, complete, or controlling equity interest, or a combination thereof, in the Debtor.

15.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, Jeannette Villanueva held the title of "Human Resources Manager" in the Debtor.

16.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, Jeannette Villanueva also held an equity interest in the Debtor.

17.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, Chow held the title of "Director of Delivery Operations" in the Debtor.

18.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, Chow also held an equity interest in the Debtor.

19.     The Plaintiff is informed and believes and thereon alleges that, although the Merger Agreement became effective on or around February 27, 2020, the Merger Agreement required certain obligations to be fulfilled for the merger to be completely consummated. Among other things, Plaintiff is informed and believes that the necessary filings, including certificates of mergers with the California Secretary of State and the Secretary of State for the State of Nevada, and the Debtor failed to pay the entirety of the Cash Consideration to consummate the merger.

20.     Plaintiff is informed and believes and thereon alleges that, on or around December 27, 2021, the Debtor and Budee entered into a Termination Agreement to terminate the Merger Agreement (the "Termination Agreement").

21.     The Termination Agreement was executed by Salvador Villanueva, acting as Chief Executive Officer of Driven Deliveries, on the one hand, and Andrew Lee, acting as general counsel to Budee, on the other hand.

22.     Among other things, the Plaintiff is informed and believes and thereon alleges that, the termination of the merger between the Debtor and Budee was due to the Debtor's failure to pay $292,344.38 of the Cash Consideration.  However, the Plaintiff is informed and believes and thereon alleges that the Debtor paid approximately $457,655.62 in cash consideration had been paid by

Driven Deliveries to Budee, Salvador Villanueva, Jeanette Villanueva, and/or Lisa Chow (the "Fraudulent Transfer(s)").  The Plaintiff is informed and believes and thereon alleges that, no portion of the Fraudulent Transfers were ever returned to the Debtor despite the termination of the merger between the Debtor and Budee.

23.    Plaintiff is informed and believes and thereon alleges that the intended purpose of the Termination Agreement is for, among other things, [the Debtor] to surrender any claim of interest in Budee, including its stock, business, and assets, on the terms and subject to the conditions set forth therein.  Plaintiff is further informed and believes and thereon alleges that the terms of the Termination Agreement effectuated such intent.

24.    Plaintiff is informed and believes and thereon alleges that, as of the date of filing the Complaint, the Debtor has not received a return of the money constituting the Fraudulent Transfers.

25.    Plaintiff is informed and believes and thereon alleges that Salvador Villanueva received the money constituting the Fraudulent Transfers, or proceeds thereof, but has failed to return such amount to the Debtor.

26.    Plaintiff is informed and believes and thereon alleges that Jeannette Villanueva received the money constituting the Fraudulent Transfers, or proceeds thereof, but has failed to return such amount to the Debtor.

27.    Plaintiff is informed and believes and thereon alleges that Lisa Chow received the money constituting the Fraudulent Transfers, or proceeds thereof, but has failed to return such amount to the Debtor.

28.    Plaintiff is informed and believes and thereon alleges that the Transferee Defendants acted in concert to obtain the Fraudulent Transfers, or proceeds thereof, from the Debtor.

29.    Plaintiff is informed and believes and thereon alleges that the Transferee Defendants acted in concert to retain the Fraudulent Transfer(s), or proceeds thereof, without intention to return such proceeds to the Debtor or the Bankruptcy Estate.

30.    Plaintiff is informed and believes and thereon alleges that the Transferee Defendants are jointly liable for the Fraudulent Transfer(s), or proceeds thereof.

31.    Plaintiff is informed and believes and thereon alleges that, on November 26, 2019, a

complaint was filed in the San Diego County Superior Court styled, <u>Carla Baumgartner, et. al. v. Brian Hayek, Christian Schenk, Driven Deliveries, Inc., et. al.</u> (Case No. 37-2019-00063208-CU-BC-CTL) ("<u>SD Litigation</u>"), asserting certain claims against the Debtor and others.

32.     Plaintiff is informed and believes and thereon alleges that, on or about November 2020, the SD Litigation settled for a sum of $774,621.  Plaintiff is informed and believes and thereon alleges that the Debtor stopped making payments on the said settlement on or about July of 2022, which left an outstanding balance of approximately $322,758.75.  Because of the settlement liability of the Debtor, the Debtor became insolvent as a result of the Fraudulent Transfers.  In other words, the Debtor paid the Transferee Defendants the Fraudulent Transfers rather than paying the defendants in the SD Litigation.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Actual Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(A))

33.     Plaintiff realleges Paragraphs 1 through 32 as though set forth in full hereat.

34.     Plaintiff is informed and believes and based thereon alleges that the Debtor made the Fraudulent Transfers with actual intent to hinder, delay, or defraud an existing or future creditor.

35.     By reason of the foregoing, the Fraudulent Transfers are avoidable pursuant to the provisions of Title 11 U.S.C. § 548(a)(1)(A).

## SECOND CLAIM FOR RELIEF

### (Avoidance of Actual Fraudulent Transfer under 11 U.S.C. §544(b) and California Civil Code §§ 3439.04(a)(1) and 3439.07-09)

36.     Plaintiff refers to the allegations set forth in paragraph 1 through 32 hereof and incorporates said allegations herein as if fully set forth hereat.

37.     Within seven years prior to the Petition Date, the Debtor made the Fraudulent Transfer to the Transferee Defendants with the actual intent to hinder, delay or defraud the Debtor's creditors.

38.     The Plaintiff is informed and believes that the Transferee Defendants did not take possession of the Fraudulent Transfers or interest in the Fraudulent Transfers in good faith and for a

reasonably equivalent value, and took possession thereof with knowledge of the voidability of such transfer.  Therefore, the Fraudulent Transfers are avoidable under Section 544(b) and California Civil Code sections 3439.04(a)(1) and 3439.07-09.

### THIRD CLAIM FOR RELIEF

**(Avoidance of Constructive Fraudulent Transfer under 11 U.S.C. §544(b) and California Civil Code §§ 3439.04(a)(2)(B) and 3439.07-09)**

39.     Plaintiff refers to the allegations set forth in paragraph 1 through 32 hereof and incorporates said allegations herein as if fully set forth hereat.

40.     Within seven years prior to the Petition Date, the Debtor made the Fraudulent Transfers to the Transferee Defendants without receiving a reasonably equivalent value in exchange.

41.     The Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond its ability to pay as they became due at the time of the Fraudulent Transfers.

42.     The Plaintiff is informed and believes that the Transferee Defendants, did not take possession of the Fraudulent Transfers or interest in the Cash Consideration in good faith and for a reasonably equivalent value, and took possession thereof with knowledge of the voidability of such transfers.  Therefore, the Fraudulent Transfers are avoidable under Section 544(b) and California Civil Code sections 3439.04(a)(2)(A) and 3439.07-09.

### FOURTH CLAIM FOR RELIEF

**(Avoidance of Constructive Fraudulent Transfer under 11 U.S.C. §544(b) and California Civil Code §§ 3439.05 and 3439.07-09)**

43.     Plaintiff refers to the allegations set forth in paragraph 1 through 32 hereof and incorporates said allegations herein as if fully set forth hereat.

44.     Within seven years prior to the Petition Date, the Debtor made the Fraudulent Transfers to the Transferee Defendants without receiving a reasonably equivalent value in exchange.

45.     The Debtor was insolvent on the date of the Fraudulent Transfers or became insolvent

1 | as a result of such transfers.

2 |      46.    The Plaintiff is informed and believes that the Transferee Defendants, did not take

3 | possession of the Fraudulent Transfers or interest in the Fraudulent Transfers in good faith and for a

4 | reasonably equivalent value, and took possession thereof with knowledge of the voidability of such

5 | transfers.  Therefore, the Fraudulent Transfers are avoidable under Section 544(b) and California

6 | Civil Code sections 3439.05 and 3439.07-09.

7 |

8 | **FIFTH CLAIM FOR RELIEF**

9 | **(Recovery of Avoided Transfer or Value Thereof Under 11 U.S.C. §550)**

10 |      47.    Plaintiff refers to the allegations set forth in paragraph 1 through 46 hereof and

11 | incorporates said allegations herein as if fully set forth hereat.

12 |      48.    Plaintiff is entitled to not only avoid the Fraudulent Transfers, but also to recover the

13 | value thereof under Section 550(a) for the benefit of the estate from the Transferee Defendants.

14 |

15 | **SIXTH CLAIM FOR RELIEF**

16 | **(Turnover)**

17 |      49.    Plaintiff refers to the allegations set forth in paragraph 1 through 32 hereof and

18 | incorporates said allegations herein as if fully set forth hereat.

19 |      50.    The Plaintiff is informed and believes and thereon alleges that, the Transferee

20 | Defendants are in possession, custody or control of property of the estate, including the Fraudulent

21 | Transfers.

22 |      51.    The Debtor has a legal or equitable interest in the Fraudulent Transfers as of the

23 | commencement of its bankruptcy proceeding.

24 |      52.    The Transferee Defendants and DOES 1-100 are third-parties subject to the turnover

25 | requirements of 11 U.S.C. §542(a).  The money constituting the Fraudulent Transfers are property

26 | that the Trustee can use for the benefit of the Estate. Plaintiff is entitled to an order requiring the

27 | turnover of the said funds or property to the Trustee.

28 | ///

## SEVENTH CLAIM FOR RELIEF

### (Accounting)

53.     Plaintiff refers to the allegations set forth in paragraph 1 through 32 hereof and incorporates said allegations herein as if fully set forth hereat.

54.     Because Plaintiff is unaware of what funds or property derived or arising from the Fraudulent Transfers have been transferred, misappropriated, or used by the Defendants, an accounting is required to ascertain the location of the said funds or property and any subsequent transferees of such funds or property.  Plaintiff is further entitled to an order requiring the accounting of the said funds or property.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1.      For a judgment avoiding the Fraudulent Transfers and recovering the value of said transfers for the benefit of the estate;

**ON THE SECOND CLAIM FOR RELIEF:**

2.      For a judgment avoiding the Fraudulent Transfers and recovering the value of said transfers for the benefit of the estate;

**ON THIRD CLAIM FOR RELIEF**

3.      For a judgment avoiding the Fraudulent Transfers and recovering the value of said transfers for the benefit of the estate;

**ON FOURTH CLAIM FOR RELIEF**

4.      For a judgment avoiding the Fraudulent Transfers and recovering the value of said transfers for the benefit of the estate;

**ON FIFTH CLAIM FOR RELIEF**

5.      For a judgment avoiding the Fraudulent Transfers and recovering the value of said transfers for the benefit of the estate;

**ON SIXTH CLAIM FOR RELIEF**

6.     For a judgment requiring the turnover of the Fraudulent Transfers and any proceeds arising therefrom.

**ON SEVENTH CLAIM FOR RELIEF**

7.     For a judgment requiring the accounting of property or funds derived from the Fraudulent Transfers.

**ALL CLAIMS FOR RELIEF**

8.     For joint and several liability of the Defendants.

9.     For prejudgment interest;

10.     For costs of suit; and

11.     For such other relief as the Court deems just and proper.


Dated: March 14, 2023                    DUMAS & KIM, APC


                                         By: _/s Christian T. Kim_
                                             Christian T. Kim,
                                             Attorneys for Plaintiff and Chapter 7 Trustee,
                                             Carolyn A. Dye

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| James A. Dumas<br>DUMAS & KIM, APC.<br>915 Wilshire Blvd., Ste. 1775<br>Los Angeles, CA 90017<br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br>Driven Deliveries Inc<br><br><br>Debtor(s). | CASE NO.: 2:22–bk–14416–DS<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 2:23–ap–01100–DS |
|---|---|
| Carolyn Dye<br><br>Plaintiff(s)<br>Versus<br><br>BUDEE, INC., a California Corporation<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **04/14/2023.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **May 25, 2023** |
| **Time:** | **11:30 AM** |
| **Hearing Judge:** | **Deborah J. Saltzman** |
| **Location:** | **255 E Temple St., Crtrm 1639, Los Angeles, CA 90012** |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: March 15, 2023


By: _____ "s/" Mary Bakchellian _____

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                           Page 2                     **F 7004–1.SUMMONS.ADV.PROC**

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Carolyn Dye | BUDEE, INC., a California Corporation<br>Salvador Villanueva<br>Jeannette Villanueva<br>Lisa Chow<br>DOES 1–100, Inclusive |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (<u>state method for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|------|--------------|-----------|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016

**F 7004–1.SUMMONS.ADV.PROC**

## ADVERSARY PROCEEDING STATUS CONFERENCE PROCEDURES
## JUDGE DEBORAH J. SALTZMAN

1.      The court will set an initial status conference in all adversary proceedings to be held approximately 60 days after the matter is filed.  All parties must appear in person at the initial status conference in person.  Counsel appearing at the initial status conference must be trial counsel.  Unless otherwise ordered by the court, parties and counsel may attend subsequent status conferences telephonically in accordance with Judge Saltzman's telephonic appearance procedures, which are available on the court's website, www.cacb.uscourts.gov, by clicking on "Judges," and then the judge's name.

2.      A thorough status report must be filed 14 days before each status conference.  The status report must be prepared on the Local Rule Form F 7016-1.STATUS.REPORT.  This form is available on the court's website, and the plaintiff must attach a copy of the form to this document as Exhibit A.  Failure to file a joint status report may result in the imposition of monetary sanctions and/or the status conference being continued, and parties being ordered to redo the status report.

3.      If a party does not cooperate in preparation of a joint status report, the other party should follow the procedure set forth in LBR 7016-1(a)(3) for filing a unilateral status report.

4.      A status report is not required *only* in the following limited circumstances:

A.      Prior to the date scheduled for the status conference, the parties have filed and the court has entered an order approving a stipulation that resolves all issues raised by the adversary proceeding and provides either for dismissal of the action in its entirety or the entry of judgment in the action.

B.      Defaults have been entered as against all defendants and the plaintiff has filed and served a motion for default judgment prior to the date scheduled for the status conference.

C.      The parties have filed, and prior to the date scheduled for the status conference, the court has entered an order approving, a stipulation continuing the status conference to a later date (in which case a written status report must be filed not less than 14 days in advance of the continued status conference date).

D.      The court has expressly relieved the parties of the obligation to file a written status report.

Revised 5/15/20

5.     Unless one of the four exceptions outlined above applies, status reports must be filed in a timely manner.  Parties that fail to do so will be subject to a minimum sanction of $150, or such other sanctions as may be warranted under the circumstances or allowed under Local Bankruptcy Rule 7016-1(f).

6.     Failure to appear for a status conference may result in a minimum sanction of $300, dismissal of the adversary proceeding for failure to prosecute or such other sanctions as may be warranted under the circumstances or allowed under Local Bankruptcy Rule 7016-1(f).

7.     If a response to the complaint is not timely filed:

A.     The plaintiff should file a request for entry of default by the clerk. The plaintiff also may request entry of a default judgment by filing and serving (if necessary) an appropriate motion; see Fed. R. Bankr. P. 7055 and Local Bankruptcy Rule 7055-1;

<u>AND</u>

B.     No later than ten days prior to the status conference, each appearing party must file a Unilateral Status Report (containing the information set forth in Sections A-E of Local Rule Form F 7016-1.STATUS.REPORT) as required by Local Bankruptcy Rule 7016-1(a)(3).

8.     Unless otherwise ordered by the court, within seven days after the status conference, the plaintiff must submit a scheduling order that complies with Local Bankruptcy Rule 7016-1(a)(4).

9.     Stipulations for extensions of time are ineffective unless approved by the court. The court is likely to deny requests to extend a response deadline to a date within five days of the hearing date unless the hearing date is continued to a date which permits the court adequate time to consider the papers.

10.     A copy of these instructions—including Exhibit A, Local Rule Form F 7016-1.STATUS.REPORT—must be attached to every copy of the complaint served upon a party, and the affidavit of service must state that these instructions were served along with a copy of the summons and complaint.

# EXHIBIT A

(The plaintiff shall attach a copy of Local Rule Form
F 7016-1.STATUS.REPORT here)

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| In re:<br>Driven Deliveries Inc., | CASE NO.:    2:22-bk-14416-DS |
|---|---|
| | ADVERSARY NO.:  2:23-ap-01100-DS |
| | CHAPTER:    7 |
| Debtor(s). | |

| Carolyn Dye, Chapter 7 Trustee | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]** |
|---|---|
| Plaintiff(s).<br>vs.<br>BUDEE, INC., a California Corporation; SALVADOR VILLANUEVA III, an Individual; JEANNETTE VILLANUEVA, an Individual; LISA CHOW, an Individual; and DOES 1-100, inclusive,<br>Defendant(s). | DATE:    05/25/2023<br>TIME:    11:30 am<br>COURTROOM:  1639<br>ADDRESS:    255 E. Temple St., Crtrm 1639<br>Los Angeles, CA 90012 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

**A.  PLEADINGS/SERVICE:**

1.  Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?    ☐ Yes    ☐ No

2.  Have all parties filed and served answers to the Claims Documents?    ☐ Yes    ☐ No

3.  Have all motions addressed to the Claims Documents been resolved?    ☐ Yes    ☐ No

4.  Have counsel met and conferred in compliance with LBR 7026-1?    ☐ Yes    ☐ No

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

**B. <u>READINESS FOR TRIAL</u>:**

1. When will you be ready for trial in this case?

<u>Plaintiff</u>                                            <u>Defendant</u>

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

<u>Plaintiff</u>                                            <u>Defendant</u>

3. When do you expect to complete <u>your</u> discovery efforts?

<u>Plaintiff</u>                                            <u>Defendant</u>

4. What additional discovery do you require to prepare for trial?

<u>Plaintiff</u>                                            <u>Defendant</u>

**C. <u>TRIAL TIME</u>:**

1. What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

<u>Plaintiff</u>                                            <u>Defendant</u>

2. How many witnesses do you intend to call at trial (*including opposing parties*)?

<u>Plaintiff</u>                                            <u>Defendant</u>

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                     Page 2                                     **F 7016-1.STATUS.REPORT**

3.  How many exhibits do you anticipate using at trial?

<u>Plaintiff</u>                                                <u>Defendant</u>


**D.  PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court.  [See LBR 7016-1.]  If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| <u>Plaintiff</u> | <u>Defendant</u> |
|---|---|
| Pretrial conference ☐ is  ☐ is not  requested | Pretrial conference ☐ is  ☐ is not  requested |
| Reasons: | Reasons: |

| <u>Plaintiff</u> | <u>Defendant</u> |
|---|---|
| Pretrial conference should be set <u>after</u>: | Pretrial conference should be set <u>after</u>: |
| (*date*) _____ | (*date*) _____ |


**E.  SETTLEMENT:**

1.  What is the status of settlement efforts?



2.  Has this dispute been formally mediated?     ☐ Yes     ☐ No
    If so, when?


3.  Do you want this matter sent to mediation at this time?

| <u>Plaintiff</u> | <u>Defendant</u> |
|---|---|
| ☐ Yes   ☐ No | ☐ Yes   ☐ No |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    Page 3                                    **F 7016-1.STATUS.REPORT**

**F.  FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below.  Failure to select either box below may be deemed consent.

<u>Plaintiff</u>                                                         <u>Defendant</u>

☐ I do consent                                              ☐ I do consent
☐ I do not consent                                        ☐ I do not consent
to the bankruptcy court's entry of a final judgment    to the bankruptcy court's entry of a final judgment
and/or order in this adversary proceeding.              and/or order in this adversary proceeding.

**G.   ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Respectfully submitted,

Date:  _____                                    Date:  _____

_____           _____
Printed name of law firm                                Printed name of law firm

_____           _____
Signature                                               Signature

_____           _____
Printed name                                            Printed name

Attorney for: _____           Attorney for: _____

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                         Page 4                                **F 7016-1.STATUS.REPORT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled: **JOINT STATUS REPORT [LBR 7016-1(a)(2)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|------|--------------|-----------|

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.